AYRES, Judge.
This is an action for a balance of $17,-227.22 allegedly due upon an advertising contract. Liability is sought to be imposed *743 upon defendant, Ben Beckham, Jr., individually because of his acceptance of the contract in his official capacity as president of a corporation designated as one of the contracting parties. From a judgment rejecting its demands, plaintiff prosecutes this appeal.
The basis of plaintiff’s claim of liability on the part of defendant, Beckham, individually is that the contract executed by him was on behalf of a nonexistent corporation. Thus plaintiff relies upon the well-recognized legal principle that an agent is individually liable for debts contracted on behalf of his principal if the agent fails to disclose the fact of his agency and the name of his principal.
The issues presented for resolution are largely factual in character. The facts such as are pertinent may be briefly reviewed.
Plaintiff, as its name implies, is an advertising agency. Louisiana Sands Hotel, Inc., was the owner of the “La Sands Western Hills Hotel,” located in Bossier City, Louisiana. The contract is in the form of a letter written by plaintiff, Glenn Advertising, Inc., and addressed to “La Sands Western Hills Hotel, Corporation” in which plaintiff proposed certain advertising for the motel including, among others, the furnishing and installation of 32 permanent highway signs on a lease basis by the Pan American Sign Company of Dallas, Texas. Other signs on a similar basis were to be provided by B & B System, Inc., and Outdoor Advertising Co.
The agreement was prepared by plaintiff’s representative in Dallas, Texas, after negotiation between its representative and representatives of the motel corporation, including the chairman of its board of directors. Defendant Beckham was neither present at nor took part in the negotiations leading to confection of the agreement. After its completion, the instrument was brought by plaintiff’s representative to the motel for the signature of Beckham as president of the motel corporation, to evidence the corporation’s acceptance of the agreement. Before the agreement was executed an error was discovered in a recital relative to the consideration to be paid, whereupon the instrument was retyped on stationery of the motel and then formally signed.
The acceptance of the agreement was couched in this language:
“We hereby agree to accept and endorse the leasing agreement made in our behalf by Glenn Advertising, Inc., with the above named parties,”
and was signed “LA SANDS WESTERN HILLS HOTEL CORPORATION, Ben Beckham, Jr., President.”
It is conceded there is no corporation bearing the precise name of “La Sands Western Hills Hotel Corporation.” Nevertheless, from the language of the agreement and the testimony of plaintiff’s representative, the evidence is convincing that the owner of the motel was intended as a contracting party irrespective of the agreement’s failure, through plaintiff’s error, to correctly set forth its name. The agreement contains this pertinent provision:
“Because of the fact that the above contracts are non-cancelable, we ask you to acknowledge this non-cancelability feature and agree to fulfill them to their termination. This, of course, must include the provision of the fulfillment of these contracts by any successor to the present ownership or management of the La Sands Western Hills Corporation.” (Emphasis supplied.)
Moreover, Charles L. Cooper, plaintiff’s vice president and account'executive, made it clear in his testimony that the corporate owner of the motel was the party with whom plaintiff intended to contract. No mistake existed as to the identity of the motel. Nor is there any question that the advertising was intended to and did apply to it.
*744 Cooper prepared the contract for plaintiff, including insertion of the names of the parties. Though he was uncertain from whom he acquired the names, it is certain those names were inserted in the agreement before Cooper ever met Beck-ham. Thus, whatever error was made in confection of the contract cannot be attributed to this defendant. With respect to plaintiff’s preparation of the contract, Beckham testified:
“I assumed, since they prepared it and all, that they knew who was the rightful owner of the hotel, because it was definitely understood that this was a hotel and they were advertising a hotel and it was a hotel responsibility and I had nothing to do with the negotiations of it or any of those things.”
Seemingly, the question of “who misled whom” is pertinent. Beckham made no misrepresentations. He relied upon the instrument prepared by plaintiff as being correctly done after negotiations with his superiors and as presented to him by plaintiff’s representative for his official signature. In this connection, it appears appropriate to point out that Beckham, though president of the motel corporation, was only a minority stockholder and that control was exercised by its officials stationed in Dallas.
Payments made under the contract by the motel aggregated $19,361.70. It was only after financial difficulties beset the motel and its eventual bankruptcy that plaintiff sought to recoup from defendant, Beckham, the losses sustained by it.
The evidence is, in our opinion, conclusive that the parties intended that Louisiana Sands Hotel, Inc., was the party with which plaintiff intended to contract. It was through plaintiff’s error in preparing the contract that the corporation’s name was incorrectly recited.
It may be finally pointed out the contract discloses that Beckham, in signing the agreement, acted in a representative capacity. No question is presented as to his intention in that respect. Nor can it be concluded that Beckham’s principal was a nonexistent corporation. As already observed, only a misstatement of the principal’s name is contained in the agreement, an error resulting from plaintiff’s fault in preparation of the document.
From the conclusion reached on the merits, no necessity exists for discussing or resolving the issues presented by defendant’s exception of no cause and of no right of action, or by defendant’s exception of plaintiff’s capacity to institute and maintain this action, or by defendant’s plea of estoppel. With respect to these, we express no opinion.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Affirmed.